995 F.2d 230
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kevin BITHER, as an individual, and doing business as: K.B.
Bither Trucking, Inc., formerly known as: K.B. Bither
Trucking Company; Barry Bither, as an individual, and doing
business as: K.B. Bither Trucking, Inc., formerly doing
business as: K.B. Bither Trucking Company, Plaintiffs-Appellants,
v.
Lynn MARTIN, Secretary of Labor; Charles A. Bowsher,
Comptroller General, Defendants-Appellees.
 No. 92-55537.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 4, 1993.
Decided May 27, 1993.
 
 Before: BROWNING, HUG, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The issue in this case is whether the Deputy Secretary of Labor properly debarred the Bithers from eligibility for government contracts for a three-year period pursuant to the Service Contract Act of 1965, 41 U.S.C. § 351 et seq. ("SCA"). The Deputy Secretary held that the Bithers were not eligible for relief from debarment under the unusual circumstances exception described in 29 C.F.R. § 4.188(b). The district court granted summary judgment in favor of the Department, and we affirm.
 
 
 3
 We review a grant of summary judgment de novo. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987). We review the Secretary's decision under the same standard of review as did the district court. We affirm the district court for the reasons expressed in the well-reasoned decision of the district court. A contractor is eligible for relief from debarment if he demonstrates unusual circumstances according to the three-part test set forth in 29 C.F.R. § 4.188(b)(3). The Deputy Secretary found that the conditions of Part I of the test were not met. His finding must be upheld if supported by a preponderance of the evidence. 41 U.S.C. § 39.
 
 
 4
 The Deputy Secretary found that ample evidence showed that the Bithers were aware of their obligation to pay the Department of Labor wage rates but chose to pay their employees at a lower rate. We agree with the district court that the Deputy Secretary's conclusion was reasonable and was supported by a preponderance of the evidence.
 
 
 5
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3